FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 27 2012

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ALBERTO FLORES, | Case No. EDCV 12-01367 DSF (AN) |
| Petitioner, | ORDER SUMMARILY DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO OBTAIN PRIOR AUTHORIZATION FROM THE NINTH CIRCUIT |
| v. | |
| C. GIPSON, Warden - CSP, | |
| Respondent. | |

## I. Background

On August 16, 2012, petitioner Alberto Flores, a state prisoner, filed his pending *pro se* petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 ("§ 2254"). By his Petition, Flores seeks federal habeas relief from his current state custody arising from his 2002 state conviction for murder, robbery, street terrorism and related prison sentence of life without the possibility of parole that he sustained in the California Superior Court for Orange County, case no. 00NF1662 ("2002 Conviction"). (Pet. 2; Official records of California courts.[1])

///

///

---

[1] The Court takes judicial notice of the state appellate court records for Petitioner's case available on the internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal habeas courts may take judicial notice of relevant state court records), *overruled on other grounds as recognized in Cross v. Sisto*, 676 F.3d 1172 (9th Cir. 2012).

However, the Court finds its records[2/] establish the Petition must be dismissed because it is an unauthorized successive petition.

Specifically, on October 17, 2006, Petitioner filed his first petition (SACV 06-00996 SGL (AN)) challenging his custody arising from his 2002 Conviction and related sentence ("2006 Petition") that raised fourteen grounds for relief. On January 18, 2007, the Court entered its judgment summarily dismissing the 2006 Petition because it contained claims that were unexhausted or otherwise lacked merit. (*Id.*, Memorandum and Order [8] and Judgment [9].)

On December 29, 2008, Petitioner filed his second petition (SACV 08-01462 SGL (AN)) challenging his custody arising from his 2002 Conviction and related sentence ("2008 Petition"), raising twelve grounds for relief. On February 26, 2009, the Court entered its judgment dismissing the 2008 Petition as time-barred. (*Id.*, Memorandum and Order [10] and Judgment [11].) Petitioner's subsequent requests for a Certificate of Appealability with this Court and the United States Court of Appeals for the Ninth Circuit were both denied, respectively. (*Id.*, 03/24/09 Order (SGL) [14]; 07/30/10 Order, Case No. 09-55471 (9th Cir.) [19].)

The pending Petition establishes Petitioner continues to seek federal habeas relief from his current state custody arising from his 2002 Conviction and related sentence. The Petition purports to raise three claims: (1) an actual innocence/procedural default claim, (2) a Fourteenth Amendment due process claim based upon an alleged instructional error and alleged prosecutorial misconduct, and (3) a Sixth Amendment ineffective assistance of counsel claim directed at alleged acts or omissions of his trial and appellate counsel. (Pet., ¶ 7 (a)-(c).) Regardless of whether these claims are old or new, Flores has not demonstrated that he has sought and obtained permission from the United States Court of Appeals for the Ninth Circuit to file a successive petition with this Court for the purpose of raising these three claims.

---

[2/] A federal court may take judicial notice of its own records and files in other cases. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

## II. Discussion

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). As for new claims, the United States Supreme Court has held:

> The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby,* 545 U.S. 524, 529-530, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *see also Felker v. Turpin,* 518 U.S. 651, 656-657, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996).

*Burton v. Stewart,* 549 U.S. 147, 152-53, 127 S. Ct. 793 (2007). District courts lack jurisdiction to consider unauthorized successive petitions and must dismiss such petitions. *Id.,* § 2244(b)(2).

The Ninth Circuit has held the dismissal of a § 2254 habeas corpus petition as untimely constitutes a disposition on the merits, therefore, a further petition challenging the same conviction constitutes a "second or successive" petition for purposes of § 2244(b). *McNabb v. Yates,* 576 F.3d 1028, 1029 (9th Cir. 2009). Based upon *McNabb,* this Court finds Petitioner's pending Petition clearly constitutes a "second or successive" habeas petition relative to his 2008 Petition. The Petition and records of the Ninth Circuit further establish that Flores has not applied for and been granted authorization by the

1 | Ninth Circuit to file a successive petition with this Court for the purpose of raising any
2 | new federal habeas claims.
3 |     Therefore, the reference to the Magistrate Judge is vacated and the Petition is
4 | dismissed for lack of jurisdiction. *See Burton*, 549 U.S. at 152-53. The clerk is directed
5 | to enter the judgment dismissing the Petition. Any and all other pending motions are
6 | terminated.
7 |     IT IS SO ORDERED.

Dated: August 27, 2012

_____
DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Arthur Nakazato
United States Magistrate Judge

4